IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                     Case No. 12-CR-00155 WJ

ANTHONY GUTIERREZ and
ANGELO GUTIERREZ,

        Defendants.

## MEMORANDUM ORDER AND OPINION
## DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant Anthony Gutierrez' Motion to Dismiss (**doc. 40**), filed July 30, 2012. A grand jury charged Gutierrez with violating the Hobbs Act and conspiracy to violate the Hobbs Act, 18 U.S.C. § 1951, after he allegedly threatened to shoot a K-Mart loss prevention officer during the theft of DVDs and a backpack.[1] Defendant argues that because any use of force or threat of violence occurred only after the theft was completed, his acts do not constitute robbery and the charges against him under the Hobbs Act must be dismissed and the case returned to state court. Because the undisputed facts show that the use of force and threat of violence occurred during the course of the theft, the Court DENIES Defendant's Motion.

---

[1] These charges constitute Counts 1 and 2 of the indictment. Although Defendant's Motion to Dismiss also asks the Court to dismiss Count 3, a charge of possession of a gun in connection with a crime of violence, he concedes in his Reply that the analysis applies only to Counts 1 and 2. Therefore, the Court will not address Count 3.

## FACTS

The following account is taken from reports by K-mart Loss Prevention Officers and Santa Fe Police Department officers, undisputed by either Defendant or the United States. On October 21, 2011, K-Mart Loss Prevention Officers Heran Kelleher and Otto Moore watched by video surveillance as Defendant placed numerous DVDs into a backpack taken from another part of the store and put the backpack on a shelf in the electronics department. He returned with a shopping cart, put the backpack in the cart, and pushed the cart out of the electronics section of the store. After leaving the store without any merchandise and re-entering the store with his brother, Angelo,[2] Defendant recovered the backpack and they left the store.

Kelleher had already exited the store to wait for Defendant. When Defendant began to run, Kelleher gave chase and caught him approximately twenty feet from the store's exit. Initially, Kelleher "grabbed the backpack from [Defendant]'s shoulder," leading Defendant to fall and Kelleher to fall on top of him. Motion to Dismiss. (**doc. 40**) A struggle ensued between Defendant, Angelo, Kelleher, and Moore, during which Kelleher was struck in the head with a pistol, Kelleher detained Angelo, and Defendant threatened to shoot Kelleher unless he released Angelo. Angelo then "grabbed the backpack with the stolen merchandise" and he and Defendant fled on foot. Officers from the Santa Fe Police Department later located and arrested the two men.

## DISCUSSION

**I. Law**

Defendant was charged under the Hobbs Act with conspiracy to commit interference with interstate commerce by robbery, and interference with interstate commerce by robbery and violence. The Hobbs Act makes it a criminal offense to "obstruct[], delay[], or affect[]

---

[2] Angelo is a co-defendant in the case. He is represented by separate counsel.

commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do." 18 U.S.C. § 1951(a) (2012). The statute defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession . . . ." 18 U.S.C. § 1951(b)(1). Because few cases have interpreted this definition of robbery, both parties look to New Mexico's robbery statute, which defines the crime as "the theft of anything of value from the person of another or from the immediate control of another, by the use or threatened use of force or violence." N.M. Stat. Ann. § 30-16-2 (Michie 1978).

## II. Application

Defendant argues that the facts in this case do not constitute a robbery because the use of force or threat of violence occurred only after the theft had been completed, and therefore his actions constitute shoplifting and a subsequent aggravated assault. The Court disagrees. The undisputed facts show that although Defendant left the store with a backpack full of DVDs, he was intercepted in the store parking lot where Kelleher took the backpack from him. Only after Kelleher was struck on the head with a gun and threatened with shooting did Angelo regain the backpack. Whether this constitutes completion of a robbery begun inside the store or a distinct offense occurring after a completed shoplifting is irrelevant for the purposes of this motion.

Because Defendant and his brother regained the backpack of stolen goods only through the use of force, the cases he cites for the proposition that force used during an escape does not constitute a robbery are inapposite. In *United States v. Smith*, the Tenth Circuit held that injuring a store employee during the defendant's escape did not convert a theft into a robbery. 156 F.3d 1046 (10th Cir. 1998). There, the defendant entered a sporting goods store and asked the sales

associate to show him two handguns from the display.  *Id.* at 1048.  After the sales associate handed him the guns, the defendant ran out of the store.  *Id.*  The sales associate followed.  *Id.*  The defendant jumped into a car and drove away, striking the sales associate with the car and injuring him as he did so.  *Id.*  The Tenth Circuit concluded that the sales associate's injury was insufficient to prove a robbery occurred where there was no evidence that the defendant used actual or threatened force or violence to acquire the guns; rather, he simply pretended to be an ordinary customer and ran.  *Id.* at 1056.  The sales associate had made sure the guns were unloaded before handing them to the defendant, and there was no evidence the defendant brandished the guns during his escape.  *Id.*  Because "the Hobbs Act requires that a defendant take property *by means of* actual or threatened force or violence," the Circuit concluded that an incidental injury during escape was not sufficient.  *Id.* (emphasis in original).

      However, although *Smith* held that the theft had been completed when the defendant left the store, no one regained the guns from the defendant between the time when he left the store and when he drove away.  The present case is distinguishable because the loss prevention officers briefly recovered the backpack from Defendant after he left the store.  More analogous is a Fourth Circuit case in which the defendant had taken drugs from a laboratory and was putting the stolen drugs into his truck in the parking lot when his employer grabbed his shoulder to stop him.  *United States v. Smith*, 141 Fed. Appx. 83, 86-87 (4th Cir. 2005).  The defendant shoved his employer out of the way, finished loading the boxes, and left.  *Id.* at 87.  The Fourth Circuit concluded that the evidence did not support giving an instruction that the use of force had occurred only during the defendant's escape.  *Id.* at 87.

      The New Mexico cases on which Defendant relies are equally unavailing.  In *State v. Lewis*, the New Mexico Court of Appeals concluded that no robbery occurred where the

defendant used force to escape only after a theft was complete. 116 N.M. 849, 867 P.2d 1231 (N.M. App. 1993). There, a man hired a prostitute, who took him to a motel room with a back room and a front room. *Id.* at 850, 867 P.2d at 1232. He left his coat and wallet in the front room while he went into the back room with the prostitute. *Id.* Later, when he returned to the front room, he discovered his wallet had been emptied, and when he turned around, the prostitute was pointing a gun at him. *Id.* The defendant then came out of the back room, the prostitute handed him the gun, and they ordered the victim out of the motel. *Id.* Noting that under New Mexico law, "the use or threatened use of force must be the factor by which the property is removed from the victim's possession," the Court concluded that because the money had been taken while the victim was in the back room, the theft had occurred by stealth, not by force. *Id.* at 850-51, 867 P.2d at 1232-33 (citing *State v. Sanchez*, 78 N.M. 284, 285, 430 P.2d 781, 782 (Ct. App. 1967)). "Defendant clearly had control over the victim's money once it had been taken from his clothing. Defendant's use of a weapon only after the money was separated from the victim was merely an action to hold victim at bay as he escaped from the hotel." *Id.* at 851, 867 P.2d at 1233.

    Here, however, Defendant did not "ha[ve] control" over the stolen goods before force was used. Kelleher had grabbed the backpack containing the DVDs, and Defendant and his brother only regained control of it after striking Kelleher in the head and threatening to shoot him. In fact, that force was "the factor by which the property [was] removed" from Kelleher's possession. Therefore, following *Lewis*, the alleged acts constitute a robbery under New Mexico law.

    Defendant also relies on a law review article to argue that "this is not the sort of fact situation for which the Hobbs Act was intended." Mot. To Dismiss (**doc. 40**); *see* Stephen C.

Yarbrough, *The Hobbs Act in the Nineties: Confusion or Clarification of the Quid Pro Quo Standard in Extortion Cases Involving Public Officials*, 31 Tulsa L.J. 781 (Sum. 1996). Whatever its origins, courts have since concluded that the Act "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence. The Act outlaws such interference in any way or degree." *United States v. Zeigler*, 19 F.3d 486, 489 (10th Cir. 1994) (quoting *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (internal citation omitted)); *see also United States v. Culbert*, 435 U.S. 371, 373, 98 S.Ct. 1112, 1113, 55 L.Ed.2d 349 (1978) (rejecting any limitation of the Hobbs Act to "racketeering" only and concluding that words used by Congress in the Act "do not lend themselves to restrictive interpretation.").

Finally, Defendant contends the use of force arose only because Kelleher and Moore violated K-Mart's "hands-off" policy, which forbids loss prevention officers from using force against shoplifters. Whether K-Mart policy allowed Kelleher to tackle Defendant is irrelevant to whether Defendant used or threatened the use of force to regain the backpack of stolen goods.

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (**doc. 40**) is hereby **DENIED** for the reasons set forth in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE